# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| KEITH HUCKABY,<br>CDCR #J-88489,<br><br>         Plaintiff,<br><br>vs.<br><br>SCOTT KERNAN; ANTHONY<br>HEDGPETH; E. RODRIGUEZ,<br><br>         Defendants. | Civil No. 08-0865 RTB (JMA)<br><br>**ORDER SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO<br>28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

**I.**

**PROCEDURAL HISTORY**

On June 20, 2008, Plaintiff, an inmate currently incarcerated at Kern Valley State Prison located in Delano, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. The Court granted Plaintiff's Motion to Proceed *IFP* on June 26, 2008 [Doc. No. 4].

1  On November 25, 2008, this matter was reassigned to District Judge Roger T. Benitez
2  for all further proceedings [Doc. No. 6].

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

5  The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,

1  839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v.*
2  *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

3  Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person
4  acting under color of state law committed the conduct at issue, and (2) that the conduct deprived
5  the claimant of some right, privilege, or immunity protected by the Constitution or laws of the
6  United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled*
7  *on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769
8  F.2d 1350, 1354 (9th Cir. 1985) (en banc).

9  In his Complaint, Plaintiff alleges that the CDCR has failed to adequately calculate his
10 worktime credits and as a result, he has been denied a reduction to his "term of confinement."
11 (*See* Compl. at 2-3.)

12 However, to the extent Plaintiff seeks injunctive relief in the form of a court order
13 granting him a reduction in his prison sentence *see* Compl. at 3, such relief is simply not
14 available under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding
15 that "when a state prisoner is challenging the very fact or duration of his physical imprisonment,
16 and the relief he seeks is a determination that he is entitled to immediate release . . . his sole
17 federal remedy is a writ of habeas corpus.").

18 Plaintiff claims that his due process rights under the Fourteenth Amendment were
19 violated when prison officials decided to limit his work time credits. (*See* Compl. at 2.)  "The
20 requirements of procedural due process apply only to the deprivation of interests encompassed
21 by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*,
22 408 U.S. 564, 569 (1972).  Accordingly, Plaintiff must be able to allege facts sufficient to show
23 that he can identify "a liberty or property interest protected by the constitution" of which he was
24 deprived. *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).  The Ninth Circuit has
25 consistently held that "the Due Process Clause of the Fourteenth Amendment 'does not create
26 a property or liberty interest in prison employment.'" *Walker v. Gomez*, 370 F.3d 969, 973 (9th
27 Cir. 2004) (quoting *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986).
28 / / /

Plaintiff relies on California Penal Code § 2933 which provides that a prisoner may obtain worktime credits that could reduce his prison term. *See* Cal. Penal Code § 2933(a). However, this penal code section also provides that "[w]orktime credit is a privilege, not a right." *Id*. Moreover, the Ninth Circuit has specifically held that "section 2933 does not create a constitutionally protected liberty interest." *Kalka v. Vasquez*, 867 F.2d 546, 547 (9th Cir. 1989).

Based on the facts alleged, Plaintiff is unable to demonstrate either a liberty or property interest in his prison employment or lost worktime credits arising directly under the Fourteenth Amendment.

Accordingly, Plaintiff's Complaint is dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's Complaint [Doc. No. 1] is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). Because it does not appear "at all possible that the plaintiff can correct the defect(s)" of his pleading, further leave to amend is **DENIED** as futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile).

The Clerk shall close the file.

DATED:  January 20, 2009

_____
Hon. Roger T. Benitez
United States District Judge